UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re Hauf,

                           MEMORANDUM AND ORDER

          Petitioner,           Misc. 11-670

                         (Wexler, J.)

-----------------------------------------------------------X
APPEARANCES:

John M. Hauf
19460 Cromwell Court
Unit 106
Fort Myers, Florida 33912

WEXLER, J.

On July 15, 1992, Petitioner John Hauf ("Hauf") pled guilty in a criminal case previously before this court. United States v. Hauf, 91cr 380. Specifically, Hauf pled guilty to a superceding information charging him with mail fraud pursuant to 18 U.S.C. § 1341. He was sentenced to a four year term of imprisonment. Six months were to be served, and the remainder of the term was suspended. Hauf was placed on probation for a period of three and one half years.

Presently before the court is Hauf's request to this court, filed under Miscellaneous Docket 11-670, asking that this court expunge his criminal file.

### DISCUSSION

While there is no statute that explicitly authorizes criminal record expungement, such action does lie "within the equitable discretion of the court." Moss v. United States, 2011 WL 1706548 *1 (E.D.N.Y.2011), quoting, United States v. Schnitzer, 567 F.2d 536, 539 (2d

1

Cir.1977). Such relief is granted, however, "only in extreme circumstances.'" Id. When deciding whether to grant a request to expunge, the court must balance the government's law enforcement interest in retaining and preserving criminal records, against the adverse consequences suffered by an individual with a criminal record. Moss, 2011 WL 1706548 * 1-2. When considering this balance the court must be "cognizant that the power to expunge 'is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case .'" Schnitzer, 567 F.2d at 539–40, quoting, United States v. Linn, 513 F.2d 925, 927 (10th Cir.1975)).

Examples of circumstances that might warrant expungement include: "(1) mass arrests conducted under procedures that rendered judicial determination of probable cause impossible; (2) arrests made with the sole purpose of harassing civil rights workers; (3) police misuse of police records to the detriment of the defendant; and (4) arrests based on a statute later declared unconstitutional." Gardner v. United States, 2010 WL 2292222 *1 (E.D.N.Y. 2010) (internal citations and quotations omitted). On the other hand, expungement is generally not ordered in cases where a defendant has been tried and convicted, or has pleaded guilty to a crime. United States v. James, 2003 WL 21056989 *1 (E.D.N.Y. 2003).

Application of the above-referenced standards leads the court to conclude that expungement should not be ordered here. This is not an unusual or extreme cause where the interest of an innocent or improperly prosecuted individual is outweighed by those of law enforcement. Hauf pleaded guilty to a crime. While he has completed the terms of his sentence, such completion, standing alone does not require that his criminal record be expunged. Where, as here, an individual can show nothing more than a completion of his sentence, expungement is

not warranted.

## CONCLUSION

The relief requested in this matter is denied. The Clerk of the Court is directed to close the file in this case.

SO ORDERED

/LEONARD D. WEXLER/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       November 14, 2011